MORYKWAS v. McKNIGHT

CONTRACTS—FRAUD—AFTER-ACQUIRED INFORMATION—DUTY TO DIS-
CLOSE.

Contracts for sale of a trailer park and transfer of a liquor
license were properly rescinded because of the sellers' action-
able fraud where the two contracts were one transaction, the
sales agreement called for a current health department license
without any record of violations, after the closing of the
trailer park portion of the sale, but before the closing of
the liquor license part, the sellers learned from the health
department that the drain field, a part of the septic tank
system, was inadequate for the number of units in the park,
that there was insufficient area to enlarge the sewage system,
and the sellers not only did not disclose the information to
the buyers, but affirmatively concealed it by representing
that the health official only required covering the standing
water.

Appeal from Lapeer, James P. Churchill, J. Sub-
mitted Division 2 November 2, 1971, at Detroit.
(Docket No. 6380.) Decided December 6, 1971.

Complaint by Henry and Betty Morykwas against
William and Katherine McKnight for rescission of
contract and an accounting of monies involved in the
transaction. Judgment for plaintiffs. Defendants
appeal. Affirmed.

*Kembel, Levin & Lewis,* for plaintiffs.

REFERENCE FOR POINTS IN HEADNOTE
17 Am Jur 2d, Contracts § 501.

*William J. Drillock* (by *Daniel E. Atkins*), for defendants.

Before: V. J. Brennan, P. J., and J. H. Gillis and O'Hara,* JJ.

O'Hara, J. Defendants appeal of right a judgment entered by the trial court ordering that two contracts of sale be rescinded and that an accounting of certain monies involved in the transaction be made.

Reduced to their common denominator, the defendants' assignments of error may be thus phrased: whether on our *de novo* review the evidence clearly preponderates against the trial court's finding that the contracts of sale should be rescinded because of defendants' actionable fraud.

Two contracts of sale were necessary in this single transaction because one involved real property upon which the sellers operated a trailer coach park. This activity is regulated by the Michigan Department of Health. On the park site, the sellers also operated a retail store which was licensed for the sale of beer and wine. This license is commonly called an "S.D.M." or specially designated merchant. This activity comes within the supervision of the Michigan Liquor Control Commission. When premises are licensed as above noted, transfer of the license requires Liquor Control Commission approval.

It is perfectly apparent to us that the two contracts were, in fact, and by the intention of the parties, one transaction.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

The trailer park portion of the sale was closed on March 10, 1967; the part involving the retail store and the S.D.M. license was closed on May 17, 1967. In the interlude between the closings, health officials visited-the-camp site. The purchasers were not present on that occasion. The sales agreement had called for a transfer of a current health department license without any record of violations against it.

The state health representatives found that the drain field, a part of the septic tank system, was inadequate for the number of units the park serviced. There was water standing in the drain field, and the department officials informed the sellers that they could not continue operating the same number of units. There was insufficient area to enlarge the sewage system.

The sellers not only did not disclose this order to the purchasers, they affirmatively concealed it. They represented that the health officials only required covering the standing water with earth fill. They further told the purchasers not to apply for a health department license until the following year.

The record amply supports the finding that defendants fraudulently concealed existence of the septic field problem, and fraudulently induced plaintiffs to refrain from applying for a new license since such application would have brought these matters to light prior to completion of the sale of the store. In so doing, defendants breached their duty to disclose after-acquired information which rendered inaccurate or misleading prior representations which were true at the time originally made. See *Strand* v. *Librascope, Inc.* (ED Mich, 1961), 197 F Supp 743, 754.

We find the defense that the representations of the sellers were true when made, as opposed to the

after-discovered infirmity violating the conditions of sale, singularly unpersuasive.

The trial court's finding of actionable fraud finds adequate support in the record. Perforce, the order granting rescission was proper.

Affirmed. Costs to plaintiffs.

All concurred.